OPINION
On July 14, 1994, defendant-appellant, Jeffrey Sunnycalb, was indicted on four counts of rape and one count of corrupting another with drugs in violation of R.C. 2907.02(A)(1)(b) and2925.02(A)(4). Appellant eventually agreed to enter guilty pleas to all four charges. The trial court held a hearing on January 9, 1995 at which it accepted appellant's guilty pleas and referred the matter for a presentence investigation.
On March 9, 1995, the trial court held a sentencing hearing. The trial court sentenced appellant to four ten to twenty-five year terms of imprisonment for rape and a one to one and one half year term of imprisonment for corrupting another with drugs. The trial court ordered the sentences it imposed for rape under Counts One and Two of the indictment to be served concurrently. The trial court also ordered the sentences it imposed for rape and corrupting another with drugs under Counts Three, Four and Five of the indictment to be served concurrently with each other, but consecutively to the sentences it imposed on Counts One and Two.
On April 28, 1997, the trial court held a hearing pursuant to R.C. 2950.09 to determine whether appellant is a "sexual predator." The trial court found by clear and convincing evidence that appellant is a sexual predator and ordered appellant to comply with the registration and reporting requirements set forth in R.C. Chapter 2950. Appellant now appeals setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY RETROACTIVELY APPLYING THE PROVISIONS OF H.B. 180 AND/OR 2950'S, SUCH AS THE PROVISIONS THAT PERMIT THE CLASSIFICATION, REGISTRATION, AND/OR PUBLIC NOTIFICATION STATUTES IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE UNITED STATES, AND ARTICLE II, SECTION 28 OF THE CONSTITUTION OF OHIO.
Appellant essentially argues that the registration and reporting requirements imposed upon sexual predators by R.C. 2950 violate the prohibition on retroactive legislation contained in of the Ohio Constitution and Ex Post Facto Clause of the United States Constitution. In State v. Lyttle (Dec. 22, 1997) Butler CA97-03-060, unreported, this court recently considered constitutional challenges to R.C. Chapter 2950 which are identical to those raised by appellant in this case. Lyttle held that R.C. Chapter 2950 does not violate the constitutional prohibitions on retroactive or ex post facto legislation. Accordingly, appellant's sole assignment of error is overruled on the authority of our prior decision in Lyttle. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.